AO 91 (Rev. 12/93) Criminal Complaint

# United States District Court

### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

FRANCISCO BARRERA-LOPEZ,
SALVADOR MARTINEZ-TORRES, and
JOSE LUIS BECERRA-YEPEZ.

Criminal Complaint
Case No. 06 – 37M-MPT

REDACTED

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 24, 2006 in New Castle County, in the District of Delaware, the above-named defendants did knowingly conspire to distribute five kilograms or more of cocaine, a controlled substance in violation of Title 21 United States Code, Section(s) 846 and 841(a)(1) and (b)(1)(A).

I further state that I am a(n) Special Agent, DEA and that this complaint is based
Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

S/A D__B.___
Signature of Complainant
David B. Hughes
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

March 27, 2006                                  at   Wilmington, DE
Date                                                  City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                       Signature of Judicial Officer

FILED
MAR 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## AFFIDAVIT

DAVID B. HUGHES, being duly sworn, states as follows:

1. I am a Special Agent (S/A) with the Drug Enforcement Administration (DEA) and have been so employed for approximately five years and one half years. Prior to my employment with the DEA, I was employed as a Trooper with the Maryland State Police for approximately six years. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. Through my training, education and experience, I have become familiar with methods in which illegal drugs are imported, manufactured and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have also testified as an expert witness in federal and/or state courts regarding the distribution, transportation and concealment of illegal drugs.

2. This Affidavit is in support of criminal complaints against and arrest warrants for Salvador MARTINEZ-TORRES (a.k.a. "CHAVA"), d/o/b ▆▆▆▆, Jose Luis BECERRA-YEPEZ, d/o/b ▆▆▆▆, and Francisco BARERRA-LOPEZ (a.k.a. "PACO"), d/o/b ▆▆▆▆. I am the case agent responsible for the investigation in aid of which this application is being made. This Affidavit is based on my personal knowledge and observations as well as information provided to me by other law enforcement officers. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

3. During the month of March 24, 2006, and the week prior, a Cecil County, Maryland Drug Task Force Confidential Source (hereinafter referred to as the CS), under the direction and control of Agents/Officers, initiated a series of consensually monitored, tape-recorded telephone calls to MARTINEZ-TORRES regarding the purchase and delivery of five kilograms of cocaine for the price of $125,000.00. During the aforementioned telephone calls, the CS and TORRES-MARTINEZ made final arrangements for the purchase and delivery of the five kilograms of cocaine to occur on March 24, 2006, at the Delcastle Recreational Park located at 801 McKennan's Church Road, Wilmington, Delaware 19808.

4. On or about March 24, 2006, the CS, under the direction and control of Agents/Officers, met with MARTINEZ-TORRES at the Delcastle Recreational Park located at 801 McKennan's Church Road, Wilmington, Delaware 19808. Agents/Officers observed MARTINEZ-TORRES enter the Delcastle Recreational Park from the northern most entrance driving a maroon Chevrolet pickup truck, Maryland registration ▆▆▆▆. Upon the CS meeting with MARTINEZ-TORRES, MARTINEZ-TORRES made a series of direct-connect telephone calls to initiate the delivery of five kilograms of cocaine to the CS at the Delcastle Recreational

Park located at 801 McKennan's Church Road, Wilmington, Delaware 19808. Prior to the meeting with MARTINEZ-TORRES, the CS and CS vehicle were searched for money and/or drugs with negative results. The CS was equipped with an electronic monitoring and recording device that recorded the meeting.

5. Shortly thereafter, Agents/Officers observed two Mexican males in a Chevrolet Beretta, Delaware registration ███████, entered the Delcastle Recreational Park from the northern most entrance and parked approximately a quarter mile away from the CS and MARTINEZ-TORRES. The driver was later identified as Jose Luis BECERRA-YEPEZ and the front seat passenger was later identified Francisco BARRERA-LOPEZ. Immediately thereafter, the CS and MARTINEZ-TORRES entered MARTINEZ-TORRES' pickup truck and drove approximately a quarter mile where they met with BECERRA-YEPEZ and BARRERA-LOPEZ. During the meeting, BECERRA-YEPEZ and BARRERA-LOPEZ allowed the CS and MARTINEZ-TORRES to observe the five kilograms of cocaine. Agents/Officers were able to contemporaneously monitor the meeting and the CS' observation of the five kilograms of cocaine via the electronic monitoring and recording device worn by the CS. Pursuant to the meeting and observations made by the CS, Agents/Officers immediately converged on and executed the arrest of MARTINEZ-TORRES, BECERRA-YEPEZ, and BARRERA-LOPEZ. A search of the Chevrolet Beretta incident to arrest produced five kilograms of cocaine concealed in a cardboard speaker box on the floorboard behind the driver's seat.

6. Upon arrival to the DEA Wilmington Resident Office, MARTINEZ-TORRES, BECERRA-YEPEZ, and BARRERA-LOPEZ were advised of their Miranda rights and agreed to be interviewed. During the interview, MARTINEZ-TORRES confessed to arranging the five kilogram cocaine transaction and stated that he was to be paid $10,000.00 to $15,000.00 for negotiating the transaction. MARTINEZ-TORRES further advised that he primarily negotiated this transaction with BARRERA-LOPEZ who was known to him as "PACO". During the interview, BECERRA-YEPEZ confessed to retrieving the five kilograms of cocaine from an unknown Hispanic male in Wilmington, Delaware prior to meeting with BARRERA-LOPEZ and driving him to the Delcastle Recreational Park. BECERRA-YEPEZ advised that while en route to the Delcastle Recreational Park, BARRERA-LOPEZ also known to him as "PACO", engaged in a series of telephone calls with an unknown male regarding the purchase and delivery of five kilograms of cocaine. BECERRA-YEPEZ further advised that he was to be paid $300.00 for his participation in the delivery of five kilograms of cocaine. BARRERA-LOPEZ declined to be interviewed regarding the purchase and delivery of the five kilograms of cocaine.

7. All suspected cocaine recovered field-tested positive for the presence of cocaine. Based upon my training, knowledge and experience, I believe that the above substance seized is powder cocaine. This conclusion is based on factors including the color, texture, smell, and appearance of the substance.

8. Based on the foregoing facts and my training, knowledge and experience, it is my opinion that MARTINEZ-TORRES, BECERRA-YEPEZ, and BARRERA-LOPEZ conspired to distribute five kilograms of cocaine and that their possession of the cocaine was consistent with the intent to distribute it.

9. Based on the foregoing facts, Affiant submits that there is probable cause to believe that MARTINEZ-TORRES, BECERRA-YEPEZ, and BARRERA-LOPEZ conspired to distribute five kilograms or more of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A), and therefore respectfully requests that the Court issue a criminal complaint and arrest warrants against MARTINEZ-TORRES, BECERRA-YEPEZ, and BARRERA-LOPEZ.

Special Agent David B. Hughes
DEA

Sworn to and subscribed before me this 27th day of March 2006.

HONORABLE MARY PAT THYNGE
United States Magistrate Judge

3